IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA A. BURCIAGA-SEGURA,
on behalf of Mecah Estevan Burciaga-
Segura, MICHAEL MELTON, THERESE,
MELTON, on behalf of Isaiah Melton,

      Plaintiffs,

v.                                                                                                     CIV 10-1086 JEC/GBW

BOARD OF EDUCATION OF THE LAS
VEGAS CITY SCHOOLS, RICHARD E.
ROMERO, PETE CAMPOS, et al.,

      Defendants.

## ORDER

**THIS MATTER** is before the Court on Defendant Pete Campos' Motion to Stay Discovery. *Doc. 7.* On November 15, 2010, this case was removed to federal court pursuant to a lawsuit filed by Plaintiffs against Defendants for violating their rights under the Fourth and Fourteenth Amendments to the United States Constitution along with 42 U.S.C § 1983, 20 U.S.C. §§ 1681, *et seq.*, the New Mexico Tort Claims Act, NMSA 1978 §§ 41-4-1 *et seq.*, and New Mexico common law  *Doc. 1.* On December 21, 2010, Defendant Campos filed a Motion to Dismiss on the Basis of Qualified Immunity and Other Grounds. *Doc. 6.* In conjunction with that motion, Defendant Campos also filed a Motion to Stay Discovery.

*Doc. 7*. In that motion, Defendant alleges that he is entitled to a stay of discovery pursuant to established Tenth Circuit precedent. *Id*. I agree, and therefore their motion will be granted.

The Supreme Court of the United States has repeatedly emphasized the broad protection that the defense of qualified immunity provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Furthermore, the Tenth Circuit has held that, when defendants file a motion to dismiss or for summary judgment based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

Additionally, since Plaintiffs did not file a response to the motion within the fourteen-day period prescribed for doing so, it is presumed that they consent to the granting of the motion. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitute consent to grant the motion").

Therefore, Defendant's Motion to Stay Discovery on the Basis of Qualified Immunity is granted.

Wherefore,

**IT IS HEREBY ORDERED THAT:**

Defendant's Motion to Stay Discovery (*Doc. 7*) is **GRANTED**. All discovery shall be stayed until the issue of qualified immunity is resolved.

_____
UNITED STATES MAGISTRATE JUDGE